1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

8
9
10

THERESA SHORTMAN, individually and as
the representative of a class of similarly-
situated persons,

11

**Case No.: 20-5615**

12

                                    Plaintiff,

**COMPLAINT—CLASS ACTION**

13

      v.

**DEMAND FOR JURY TRIAL**

14

MULTICARE HEALTH SYSTEM, a
Washington corporation,

15
16

                                    Defendant.

17
18
19
20

      Plaintiff, Theresa Shortman ("Plaintiff"), individually and on behalf of all others similarly

21

situated, brings this Class Action Complaint (the "Complaint") against Defendant, Multicare

22

Health System ("Defendant"), and alleges, upon personal knowledge as to her own conduct, and

23

upon information and belief as to the conduct of others, as follows:

24

**INTRODUCTION**

25

      1.      Plaintiff brings this Complaint against Defendant to secure redress because

26

Defendant willfully violated the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq.*

27

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

("TCPA" or "Act") and invaded Plaintiff's privacy by causing unsolicited text messages to be made to Plaintiff's and other class members' cellular telephones through the use of an auto-dialer, without prior written express consent. Plaintiff's cellular telephone is listed on the National Do Not Call registry at all relevant times.

2.      The Defendant sent at least two (2) unauthorized text messages to Plaintiff's cell phone using an automatic telephone dialing system ("ATDS") for the purpose of soliciting business from Plaintiff.   The Act states an "'automatic telephone dialing system' means equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1)(A)-(B).

3.      The TCPA was enacted to protect consumers from unsolicited telephone calls and unsolicited messages exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff seeks an injunction requiring Defendant to cease all sending of unsolicited text messages to consumers, and an award of statutory damages to the members of the Class under the TCPA equal to $500.00 per violation, together with court costs, prejudgment interest, and treble damages (for knowing and/or willful violations).

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this action arises under the TCPA, a federal statute.

5.      The Court has personal jurisdiction over Defendant because it conducts business in this District, and the unlawful conduct alleged in this Complaint occurred in this District.

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 because this case involves federal questions.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in this District.

COMPLAINT—CLASS ACTION - 2
CASE NO. 20-5615

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

**PARTIES**

8.     Plaintiff, Theresa Shortman, is a citizen of Washington.

9.     Defendant, Multicare Health System, is a Washington corporation with its principal place of business in Tacoma, Washington.

10.     Whenever in this Complaint it is alleged that Defendant committed any act or omission it is meant that Defendant's members, managers, employees, and/or agents committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of Defendant's members, managers, employees, and agents.

**LEGAL BASIS FOR THE CLAIMS**

11.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy...." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

12.     Specifically, the TCPA restricts telephone solicitations (i.e., telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, and SMS text messages. It also specifies several technical requirements for autodialers and voice messaging systems - principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

13.     All ATDS calls to wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

14.     As of October 16, 2013, unless the recipient has given prior express written consent, the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

a.     Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

   b.   Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

   c.   Prohibit solicitations to residences that use an artificial voice or a recording.

   d.   Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

   e.   Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone, or any service for which the recipient is charged for the call.

   f.   Prohibit certain calls to members of the National Do Not Call Registry.

15.    Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

16.    An entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity making the call on its behalf.

17.    Finally, with respect to misdialed or wrong-number calls, the FCC recently clarified that "callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, ¶¶ 71-72 (July 10, 2015). "If this one additional call does not yield actual knowledge of

COMPLAINT—CLASS ACTION - 4
CASE NO. 20-5615

**Smith & Dietrich Law Offices PLLC**
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

1  reassignment, we deem the caller to have constructive knowledge of such." *Id.* Thus, any second

2  call placed to a wrong number violates the TCPA.

3  ## COMMON FACTUAL ALLEGATIONS

4  18.    Unfortunately for consumers, Defendant utilized (and continues to utilize) a

5  sophisticated telephone dialing system to send text messages to individuals *en masse* promoting

6  its services. On information and belief, Defendant obtained these telephone numbers (i.e., leads)

7  by purchasing marketing lists containing consumers' telephone numbers.

8      19.    In Defendant's overzealous attempt to market its services, it sends (and continues

9  to send) text messages to consumers who never provided consent and to consumers having no

10 relationship with Defendant. Defendant knowingly sent (and continues to send) this text message

11 without the prior express written consent of the text recipients. As such, Defendant not only

12 invaded the personal privacy of Plaintiff and members of the Class, but also intentionally and

13 repeatedly violated the TCPA.

14     20.    On or about May 13, 2020 and June 11, 2020, Defendant sent Plaintiff two (2)

15 text messages to her cellular telephone number via ATDS, as defined by 47 U.S.C. § 227(a)(l)

16 without first obtaining Plaintiff's written consent.

17     21.    Plaintiff is the exclusive user of the cellular telephone that Defendant sent the text

18 messages to.

19     22.    Defendant's text messages to Plaintiff constituted a call that was not for

20 emergency purposes as defined by 47 U.S.C. § 227(b)(l)(A)(i).

21     23.    At all relevant times, Plaintiff's cellular phone number has been included in the

22 National Do Not Call Registry.

23     24.    Plaintiff did not provide Defendant with prior express written consent to receive

24 text messages to her cellular telephone utilizing an ATDS, pursuant to 47 U.S.C. § 227 (b)(1)(A).

25     25.    Defendant's text messages which utilized an ATDS invaded Plaintiff's privacy

26 and violated 47 U.S.C. § 227(b)(1).

27

COMPLAINT—CLASS ACTION - 5
CASE NO. 20-5615

**Smith & Dietrich Law Offices PLLC**
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

26. Plaintiff has reason to believe Defendant has sent, and continues to send, calls to hundreds of wireless telephone consumers to market its services without consent required by the TCPA.

27. In order to redress injuries caused by Defendant's violations of the TCPA, Plaintiff, on behalf of herself and a class of similarly situated individuals, brings suit under the TCPA, 47 U.S.C. § 227, et seq., which prohibits certain unsolicited text calls to cell phones.

28. On behalf of Plaintiff and the Class, Plaintiff seeks an injunction requiring Defendant to cease all wireless telemarketing activities and an award of statutory damages to the Class members, together with prejudgment interests, and costs.

## CLASS ACTION ALLEGATIONS

### COUNT I
### VIOLATONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 FOR THE USE OF AN ATDS

29. Plaintiff restates, re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

30. Defendant sent unsolicited and unauthorized text messages using an ATDS to Plaintiff's and the Class members' cellular telephones for the purpose of marketing products and/or services to Plaintiff and the Class.

31. Plaintiff sent the text messages without obtaining prior express written consent from Plaintiff and the Class.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

33. Defendant's conduct invaded Plaintiff's privacy.

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

34.     As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

35.     Because Defendant had knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned telephone solicitations, and Defendant knowingly and intentionally made the telephone solicitations to Plaintiff, the Court should, pursuant to 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the Class.

36.     Plaintiff and the class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

37.     Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of:

> All persons in the United States who received one or more text messages sent by or on behalf of Defendant to the individual's cellular telephone through the use of an automatic telephone dialing system, or any other device having the capacity to dial numbers without human intervention, from four years prior to the date of filing of this Complaint until the date Defendant's conduct ceases, where the text message(s) were sent without prior express written consent from the recipient to make such call.

Excluded from the class are employees and agents of Defendant as well as members of the judiciary.

38.     Plaintiff reserves the right to modify the class definition as the contours and parameters of the class become apparent through discovery in this matter.

39.     Plaintiff and the Class members were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid; and Plaintiff and Class members' privacy was invaded.

40.     The exact size of the Class is presently unknown but can be ascertained through a review of Defendant's records or those records of vendors hired by Defendant to send the texts

COMPLAINT—CLASS ACTION - 7
CASE NO. 20-5615

messages, and it is clear that individual joinder is impracticable. On information and belief Defendant made telephone calls to hundreds of consumers who fall within the definition of the Class.

41.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.

42.     Common questions for the Class include, without limitation:

   a.     Whether Defendant's conduct violated the TCPA;

   b.     Whether Defendant systematically sent text messages to consumers who did not previously provide Defendant and/or its agents with prior express written consent to receive such text messages;

   c.     Whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct;

   d.     Whether Defendant systematically sent text messages to consumers using any automatic dialing system to any telephone number assigned to a cellular phone service without prior express written consent of the called party; and

   e.     Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

43.     Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

44.     Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions.

45.     Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

46.     This class action is appropriate for class certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and making an award of damages and final injunctive relief appropriate with respect to the Class as a whole.

47.     Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

48.     This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

49.     The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

50.     Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct.

51.     Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

52.     By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**Smith & Dietrich Law Offices PLLC**
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

1

2

**COUNT II**
**UNSOLICITED TEXT MESSAGES**

3       53.     Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through

4   28 as though fully set forth herein.

5       54.     On or about May 13, 2020 and June 11, 2020, Plaintiff received a two (2) text

6   messages ("Texts") on her cellular telephone.  The May 13, 2020 text states "Aching injury?

7   Feeling sick? We are here for you.  At Indigo Urgent Care, safety is our #1 priority.  Car check-

8   in, no lobby waits.  Book now: bit.ly/IndigoDW513." The June 11, 2020 text states "Muscle

9   strain? Nagging cough? We are here for you.  At Indigo Urgent Care, health is our #1 priority.

10  Car check-in, no lobby waits.  Book now: bit.ly/IndigoDW611."  A true and correct copy of the

11  screen shots of the two Texts is attached hereto as Exhibit A.

12      55.     Plaintiff is informed and believes, upon such information and belief avers, that

13  Defendant sent text messages to consumers *en masse*.

14      56.     The Texts are advertisements of Defendant's services containing automated

15  content.

16      57.     On information and belief, Defendant sent or transmitted, or had sent or

17  transmitted on its behalf, the Texts to Plaintiff's cellular telephone using an automatic telephone

18  dialing system as defined by 47 U.S.C. § 227(b)(1)(A) and the FCC. Defendant's system placed

19  the Texts to Plaintiff automatically, using a list or database of telephone numbers, and dialing

20  without human intervention.

21      58.     Plaintiff never requested, desired, permitted, or otherwise provided her prior

22  express consent to Defendant to send or transmit the Texts or any other texts to her cellular

23  telephone.

24      59.     Plaintiff never provided her prior express written consent to Defendant to send or

25  transmit the Texts or any other advertisements or telemarketing to her cellular telephone.

26

27

COMPLAINT—CLASS ACTION - 10
CASE NO. 20-5615

**Smith & Dietrich Law Offices PLLC**
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

60.     As a result of receiving the Texts, Plaintiff wasted data storage capacity, suffered the nuisance, waste of time, and aggravation that accompanies receipt of such unauthorized advertisements, and was subjected to an intrusion upon seclusion and invasion of privacy.

61.     On information and belief, Defendant sent the Texts, or substantially similar text messages, *en masse* to a list of hundreds of randomly generated cellular telephone numbers using an automatic telephone dialing system.

62.     On information and belief, Defendant sent text messages to the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers without human intervention.

63.     On information and belief, the Class members did not provide Defendant with prior express written consent to receive such text messages and, as a result, incurred expenses to their wireless services, wasted data storage capacity, suffered the aggravation that accompanies receipt of such unauthorized advertisements, and were subjected to an intrusion upon seclusion.

64.     Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), Plaintiff brings this class action on behalf of the following Class:

> All persons or entities who, within the four years prior to the filing of the instant Complaint, received one or more non-emergency, unauthorized text messages to their cellular telephones from Defendant through the use of an automatic dialing system and who did not provide prior express consent and/or prior express written consent to receive such text messages.

Excluded from the Class are the Defendant and its employees, agents and members of the Judiciary.

65.     Plaintiff reserves the right to amend the class definition as discovery reveals the shape and contours of the class.

66.     The exact size of the Class is presently unknown but can be identified through a review of Defendant's records and records of Defendant's vendors and it is clear that individual joinder of all members is impracticable. Plaintiff is informed and believes, and upon such

**Smith & Dietrich Law Offices PLLC**
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

information and belief avers, that the number of Class members is at least forty (40) based on Defendant's use of automated text message content.

67.   Plaintiff's claims are typical of the claims of all Class members. Plaintiff received the same or substantially similar unsolicited text messages as the other Class members sent by or on behalf of Defendant advertising goods and services of the Defendant during the Class Period. Plaintiff is making the same claims and seeking the same relief for herself and all Class members based upon the same federal statute.

68.   Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

69.   Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

    a.   Proof of Plaintiff's claims will also prove the claims of the Class without the need for separate or individualized proceedings;

    b.   Evidence regarding defenses or any exceptions to liability that Defendant may assert and attempt to prove will come from Defendant's records and will not require individualized or separate inquiries or proceedings;

    c.   Defendant has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all Class members;

    d.   The amount likely to be recovered by individual Class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

    e.   The case is inherently manageable as a class action in that:

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

i.   Defendant identified persons or entities to receive the unauthorized text messages and Defendant's computer and business records will likely enable Plaintiff to readily identify class members and establish liability and damages;

ii.  Liability and damages can be established for Plaintiff and the Class with the same common proofs;

iii. Statutory damages are provided for in the statute and are the same for all Class members and can be calculated in the same or a similar manner;

iv.  A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort, and expense;

v.   A class action will contribute to uniformity of decisions concerning Defendant's practices; and

vi.  As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

70.   The Texts Defendant sent Plaintiff are advertisements as defined by 47 C.F.R. § 64.1200(f)(1) because they promote Defendant's products and services.

71.   Defendant and/or its agents sent the Texts, or substantially similar unsolicited automated text messages to the cellular telephone number of Plaintiff and the other Class members *en masse* without their prior express consent and prior express written consent.

72.   Defendant sent the text messages, or had them sent on its behalf, using an automatic telephone dialing system or device which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

73.   Defendant utilized equipment that sent the text messages to Plaintiff and other Class members simultaneously and without human intervention.

**Smith & Dietrich Law Offices PLLC**
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

74.     By sending unsolicited text messages to Plaintiff and the Class, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

**COUNT III**
**TELEMARKETING IN VIOLATONS OF THE TCPA'S DO NOT CALL PROVISIONS**
**VIOLATION OF 47 U.S.C. § 227(C)**

75.     Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 28 as though fully set forth herein.

76.     Among other things, the TCPA and its accompanying regulations prohibit telemarketers from making telephone solicitations to persons who have listed their telephone numbers on the National Do Not Call Registry, a database established to allow consumers to exclude themselves from telemarketing calls unless they consent to receive the calls in a signed, written consent.

77.     The TCPA was enacted more than twenty years ago to regulate the explosive growth of telemarketing, which Congress recognized as a nuisance and an intrusive invasion of privacy.

78.     Consumers who do not want to receive telemarketing calls may indicate their preference by registering their telephone numbers on the National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

79.     These registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. Id.

80.     Because a telephone subscriber listed on the Registry must take an affirmative step to register his or her number, a telemarketer who wishes to call a person listed on the Registry must take a similarly affirmative step, and must obtain the registrant's signed, written agreement to be contacted by the telemarketer. Id. § 64.1200(c)(2)(ii). The written agreement must also include the telephone number to which the calls may be placed. *Id.*

**Smith & Dietrich Law Offices PLLC**
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

81.     A person whose number is on the Registry and has received more than one telephone solicitation within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek the greater of actual damages or $500, a figure that may be trebled for willful or knowing violations. 47 U.S.C. § 227(c)(5).

82.     Telemarketers who wish to avoid calling numbers listed on the Registry can easily and inexpensively do so by "scrubbing" their call lists against the Registry database. The scrubbing process identifies those numbers on the Registry, allowing telemarketers to remove those numbers and ensure that no calls are placed to consumers who opt-out of telemarketing calls.

83.     To avoid violating the TCPA by calling registered numbers, telemarketers must scrub their call lists against the Registry at least once every thirty-one days. See 16 C.F.R. § 310.4(b)(3)(iv).

84.     Regulations implementing the TCPA also require entities to maintain internal Do Not Call registries. 47 C.F.R. § 64.1200(d). Once an entity receives a request from a residential telephone subscriber not to receive calls, the number must be placed on the entity's internal registry within a reasonable time, not to exceed thirty days from the date of the request. Id. at § (d)(3).

85.     A seller of goods or services can be liable for TCPA violations even if the seller does not directly place or initiate the calls.

86.     The provision that establishes a private right of action against an entity that violates the DNC Registry restrictions provides that "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring an action for damages and injunctive relief. 47 U.S.C. § 227(c)(5) (emphasis added). Likewise, 47 C.F.R. § 64.1200(d)(3) provides that once a number is added to an entity's internal Do Not Call registry, "the person or

**Smith & Dietrich Law Offices PLLC**
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request."

87.     As explained by the FCC, the TCPA and its regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Mem. and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

88.     The agency reiterated this principle in 2005, when it stated that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules, and calls placed by a third party on behalf of that company are treated as if the company itself placed the call." See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling, Declaratory Ruling, 20 FCC Rcd. 13664, 13667 ¶ 7 (2005).

89.     The FCC reaffirmed this in 2013, when it held that (a) a seller may, under principles of apparent authority, actual authority, and ratification, be liable for violations of § 227(c) by third parties, and (b) a seller may also be liable, under the express terms of § 227(c), for calls placed "on behalf of" the seller. In re Joint Pet. Filed by Dish Network, 28 FCC Rcd. 6574 (2013).

90.     On May 13, 2020 June 11, 2020, Plaintiff received two (2) telemarketing Text calls on her cellular telephone line, a number she had listed on the Do Not Call Registry.

91.     Because Plaintiff did not provide Defendant with a signed, written agreement to receive Defendant's telemarketing calls, the calls violated the TCPA.

92.     Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), Plaintiff brings this class action on behalf of the following class:

> All persons whose telephone number(s) were listed on the Do Not Call Registry, and whom, during the four years prior to the filing of this Complaint, received more than one call within any twelve-month period placed by or at the direction of Defendant, to promote the sale of Defendant's products or services.

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

Excluded from the class are employees and agents of Defendant as well as members of the judiciary.

93.     Plaintiff reserves the right to modify the class definition as the shape and contours of the class become apparent in discovery.

94.     The proposed class can be identified through telephone records and databases used in transmitting the telemarketing calls.

95.     The number of class members is believed to be in the hundreds, rendering the classes so numerous that individual joinder of all class members is impracticable.

96.     Plaintiff is a member of the proposed class.

97.     There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

      a.   Did Defendant place telemarketing calls to Plaintiff and class members?

      b.   Is Defendant liable under TCPA § 227(c) for telemarketing calls?

      c.   Were the calls placed under Defendant's actual authority?

      d.   Were the calls placed under Defendant's apparent authority?

      e.   Did Defendant ratify the illegal conduct by accepting the benefit of its illegally-generated business and failing to exercise its authority to end the violations?

      f.   Were the calls placed for Defendant's benefit, or on Defendant's behalf?

      g.   Did Defendant place telemarketing class to persons on the National Do Not Call Registry?

98.     Plaintiff's claims are typical of the claims of the classes. Like all class members, she received Defendant's telemarketing calls on a number listed on the National Do Not Call Registry.

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

99.     Plaintiff is an adequate class representative because her interests do not conflict with class members' interests, she will fairly and adequately protect the interests of the classes, and she is represented by counsel skilled and experienced in TCPA and other class actions.

100.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

101.    The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to pursue individual litigation; the low dollar-value of individual claims; the lack of an attorney fee-shifting provision in the TCPA; the fact that class members are unlikely to know that their rights have been violated; and the fact that few if any recipients of Defendant's telemarketing calls have brought private TCPA enforcement actions against Defendant.

102.    In violation of 47 U.S.C. § 227(c), Plaintiff and all class members received telemarketing calls promoting the sale of Defendant's services on cellular telephone lines listed on the National Do Not Call Registry.

103.    Plaintiff and class members received more than one such call in a twelve- month period.

104.    Defendant is liable for those violations under principles of actual authority, apparent authority, and ratification, and because the calls were placed on Defendant's behalf and for its benefit.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Theresa Shortman, individually and on behalf of the Class, respectfully requests the following relief against Defendant, Multicare Health System:

a.   An order certifying this matter as a class action with Plaintiff as Class

COMPLAINT—CLASS ACTION - 18
CASE NO. 20-5615

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

1    Representative, and designating Anderson + Wanca as lead Class Counsel;

2    b.   An award of statutory damages for each and every negligent violation to each

3         member of the Class pursuant to 47 U.S.C. § 227(b)(3)(B);

4    c.   An award of statutory damages for each and every knowing and/or willful

5         violation to each member of the Class pursuant to 47 C.F.R. § 64.1200;

6    d.   An award of statutory damages for each and every negligent violation to each

7         member of the Class pursuant to 47 U.S.C. § 227(c);

8    e.   Injunctive relief prohibiting the Defendant's conduct complained of herein,

9         pursuant to 47 U.S.C. § 227(b)(3)(A); and

10   f.   For such other and further relief as the Court deems necessary, just, and

11        proper.

                              Respectfully submitted,

                              THERESA SHORTMAN, individually and
                              as the representative of a class of similarly-
                              situated persons

                              By:  *s/ Walter Smith*

                              Walter Smith
                              SMITH & DIETRICH LAW OFFICES, PLLC
                              3905 Martin Way East, Suite F
                              Olympia, WA  98506
                              Telephone:  360-915-6952
                              walter@smithdietrich.com

                              *Local Counsel for Plaintiff*

                              RYAN M. KELLY *(pro hac vice to be
                              submitted)*
                              ANDERSON + WANCA
                              3701 Algonquin Rd., Suite 500
                              Rolling Meadows, IL  60008
                              Telephone: 847-368-1500
                              Facsimile:  847-368-1501
                              rkelly@andersonwanca.com

                              *Counsel for Plaintiff*

COMPLAINT—CLASS ACTION - 19
CASE NO. 20-5615